1  MARC E. MAYER (SBN 190969);
   mem@msk.com
2  EMILY F. EVITT (SBN 261491)
   efe@msk.com
3  MITCHELL SILBERBERG & KNUPP LLP
   11377 West Olympic Boulevard
4  Los Angeles, California 90064-1683
   Telephone: (310) 312-2000
5  Facsimile: (310) 312-3100

6  Attorneys for Plaintiff Manwin Licensing
   International S.à.r.l.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

MANWIN LICENSING INTERNATIONAL SARL, a Luxembourg Limited Liability Company,

       Plaintiff,

       v.

NICHOLAS BULGIN, a/k/a "Gill Manwinder," "Yi Weng," "Chris Hill," "contact@Manwinsucks.com," "Jim Jagen," and "Radish Dreams", an individual,

       Defendant.

CASE NO. CV12-02484 GW(SHx)

**COMPLAINT FOR:**

(1) VIOLATION OF THE ANTI-CYBERSQUATTING CONSUMER PROTECTION ACT
(2) DEFAMATION
(3) INTENTIONAL INTERFERENCE WITH PROSPECTIVE ADVANTAGE
(4) UNFAIR COMPETITION

**JURY DEMAND**

Plaintiff Manwin Licensing International S.à.r.l. ("Manwin") avers as follows:

## PRELIMINARY STATEMENT

1. Manwin owns and licenses the trademarks and domain names used for many of the most popular adult-oriented websites, including YouPorn.com, the single most popular free adult video website on the Internet, as well as xTube.com, Pornhub.com, and Brazzers.com, to cite only a few examples. Manwin also manages worldwide online content under the "Playboy" trademark and runs Playboy TV, which has its principal place of business in this judicial district, under license from Playboy Enterprises, Inc. Manwin and its brands are known throughout the world as signifiers of high-quality adult-oriented content. By this action, Manwin seeks to put an immediate stop to, as well as obtain redress for, a campaign of harassment, defamation, and trademark infringement propagated by Defendant that was designed to extort hundreds of thousands of dollars from Manwin.

2. Defendant is an individual in the "business" of registering Internet domain names incorporating trademarks owned by others (a practice known as "cybersquatting"). Cybersquatters, in general, seek to obtain unjustified payments from trademark owners who recognize that the cost of pursuing such infringers often is greater than purchasing the domain name from the cybersquatter. Defendant, however, has taken this concept to a new level. As part of an elaborate scheme to extort a payment from Manwin, Defendant selected Manwin as the target of a massive, ongoing harassment campaign. In furtherance of his campaign, Defendant:

- registered no fewer than four domain names incorporating Manwin's trademarks (the "Manwin Domains").

- Used the infringing Manwin Domains to disseminate false and defamatory material about Manwin and launch public campaigns to harm

1

Manwin's business interests (including, most recently, a campaign to encourage members of the public to register Manwin domains and cause them to re-direct to web pages owned by an entity with whom Manwin is in litigation).

- Created a slew of fake names and "personas" who purported to own each of the infringing Manwin Domains; publicly claimed that they were being "harassed" by Manwin over their "legitimate" domain names; contacted Manwin's business partners; and then made exorbitant monetary demands on Manwin for sale of the infringing Manwin Domains.

- Invented a nonexistent individual, "Gill Manwinder," and then used that fake name in an attempt to interfere with Manwin's trademark application by claiming that the "Manwinder" family name was being tarnished by Manwin.

- Sent dozens of e-mails to Manwin and its employees threatening to dilute the Manwin trademark and divert Manwin's traffic to Defendant's own websites and the infringing Manwin Domains.

3. The purpose of the foregoing conduct was to so annoy and harass Manwin, and to cause such harm and disruption to Manwin's brand, its public image, and its business relationships, that Manwin would pay Defendant to purchase the Infringing Manwin Domains and cease his activities. Indeed, Defendants conduct described herein is merely the latest in an ongoing pattern of conduct targeted at a variety of other entities. For example, Defendant recently attempted to extort payments from the company Imperial Tobacco by purchasing the domain name "imperialtobacco.co" and then using fake names in order to defraud the World Intellectual Property Organization ("WIPO") Arbitration Panel. The WIPO Panel found that Defendant's conduct was a "calculated scam, designed to extract from the Complainant as much money for the transfer of the Domain Name as possible." The same is true here.

4. Defendant's conduct is willful and outrageous, and has caused, and is continuing to cause, severe and irreparable damage to Manwin. This lawsuit seeks to enjoin such conduct and compensate Manwin for the injury it suffered.

**JURISDICTION AND VENUE**

5. This is an action arising under the Lanham Act, 15 U.S.C. § 1125, et seq. and under California statutory and common law.

6. This Court has subject matter jurisdiction over this matter pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338 in that it involves an action arising under the federal Lanham Act. This Court also has supplemental jurisdiction pursuant to 28 U.S.C. §§ 1338(b) and 1367 over those of Manwin's claims that arise under the laws of the State of California.

7. Defendant is subject to personal jurisdiction in the State of California because his acts and omissions took place in substantial part and caused impacts in the State of California, including in Los Angeles County, California.

8. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the acts, omissions and events giving rise to the claims asserted in this Complaint occurred in this judicial district.

**THE PARTIES**

9. Plaintiff Manwin Licensing International S.à.r.l. is, and at all relevant times was, a business entity organized as a "Société à responsabilité limitée" under the laws of Luxembourg, and having its principal place of business in the City of Luxembourg, Luxembourg. Manwin's affiliates and licensees include Manwin USA, Inc., Manwin D.P. Corp., and Playboy Plus Entertainment, Inc., all of which have principal places of business in Los Angeles, California.

10. Manwin is informed and believes, and on that basis avers, that at all times relevant herein, Defendant Nicholas Bulgin is and was a resident of the State

Mitchell Silberberg & Knupp LLP

3

4526823.3/43277-00096

of Georgia. Manwin is informed and believes, and on that basis avers, that Bulgin has used the false names "Gill Manwinder," "Yi Weng," "Chris Hill," "contact@Manwinsucks.com," "Jim Jagen," and "Radishdreams"

## PLAINTIFF AND ITS TRADEMARKS

11. Manwin owns and licenses one of the largest portfolios of premium adult-oriented website domain names and trademarks. Manwin's websites, which include pornhub.com, youporn.com, brazzers.com, tube8.com, and webcams.com, are among the most visited websites on the Internet, and millions of people throughout the world visit Manwin's websites each day. In addition, under license from Playboy Enterprises, Inc., Manwin operates and manages all "Playboy" online content and runs Playboy Television worldwide, using the "Playboy Premium Entertainment" label.

12. Manwin has invested millions of dollars and countless employee-hours to develop its reputation in the adult content industry. As a result of that effort and expense, the Manwin name and those of its brands, including its brand "BRAZZERS," have come to be associated in the minds of the public with high-quality adult-oriented content. Accordingly, Manwin owns valid and enforceable trademarks in the names "MANWIN" and "BRAZZERS," among others (the "Manwin Marks"). Each of the Manwin Marks is the subject of a pending trademark application before the United States Patent and Trademark Office.

## DEFENDANT AND HIS UNLAWFUL CONDUCT

13. Commencing in or about July 2011, Defendant engaged in a ruthless and unrelenting campaign of unlawful and harassing conduct against Manwin and its trademarks. Manwin is informed and believes, and on that basis avers, that this campaign was undertaken for the express purpose of coercing Manwin to pay

Mitchell Silberberg & Knupp LLP

4

4526823.3/43277-00096

1  substantial sums to Defendant to stop his unlawful conduct and to purchase a
2  number of unlawfully acquired, infringing domain names.
3      14.   Manwin is informed and believes, and on that basis avers, that
4  between July and August 2011, Defendant registered or acquired (or caused to be
5  registered or acquired) four domain names containing Manwin trademarks:
6  www.manwin.net, www.manwin.co, www.manwinsucks.com, and
7  www.brazzer.us (the "Manwin Domains"). Each of these domain names was
8  registered by Defendant in bad faith, with the intent to trade off or profit from the
9  Manwin Marks.
10     15.   Shortly after acquiring the Manwin Domains, Defendant, using the
11 alias "Chris Hill" (at e-mail address chrisH@manwin.net), offered to sell the
12 domain name www.manwin.net to Manwin for $100,000. When Manwin rejected
13 that offer, Defendant advised Manwin that it can "kiss [my] rear" and threatened to
14 sell the domain name to another cybersquatter to "get massive traffic and blow you
15 off the #1 spot in search engines." Defendant thereafter became increasingly
16 aggressive, and for the following three months undertook a coordinated campaign
17 intended to force Manwin into purchasing the Manwin Domains.
18     16.   First, to conceal his cybersquatting activities and defend his
19 registrations from challenge (including before a domain name arbitration under the
20 Uniform Dispute Resolution Procedure ("UDRP")), Defendant registered and
21 operated the infringing Manwin Domains using various aliases and fake personas.
22 For example, Defendant re-registered the domain name www.manwin.net using the
23 fake name "Gill Manwinder," a purported businessman from the United Kingdom
24 who was in the process of setting up various businesses using his family name
25 ("Manwinder"). Similarly, Defendant registered the domain name
26 www.manwin.co using the fake name "Yi Weng," who purported to be a Chinese
27 woman who maintains a weblog ("blog") to discuss issues of spirituality and
28

Mitchell
Silberberg &
Knupp LLP.

4526823.3/43277-00096

5

charity. In an attempt to justify use of the Manwin trademark, Defendant titled this website "ManWin – the huMAN WINdow to the Soul."

17. Second, to cause Manwin to believe that harm would befall Manwin and its trademarks if it failed to immediately purchase the Manwin Domains, Defendant sent fabricated e-mails between his fake personas, with a copy to Manwin. In those e-mails, Defendant pretended these various "individuals" were communicating about collective action against Manwin. For example, on September 13, 2011, Defendant (posing as "Chris Hill") wrote an e-mail to himself at "contact@manwinsucks.com," purporting to suggest that Hill and the administrator of manwinsucks.com "compare notes" and take action to "dilute" the Manwin name.

18. Third, Defendant created a website www.manwinsucks.com to disseminate false, misleading, and defamatory statements about Manwin's purported business practices. Among the false and defamatory statements published by Defendant were the following purported "facts" about Manwin:

- Manwin "create[s] user accounts at their free porn websites and upload[s] illegal content found all over the net that they didnt [sic] pay for."
- Manwin "use[s] illegal content to make money."
- Manwin "own[s] a shitload or[sic] websites that are Adult oriented and they push traffic to these sites using Pirate Bay...."
- Manwin's websites are "a messed up scam but they like it and are completely fine in using illegal tube sites that use peoples private adult videos to sell their own products. If that is not a illegal scam i don't[sic] know what is."
- "Manwin...recently had assets seized by the US government since they were said to be doing illegal financial schemes through the state of Georgia."

Manwin is informed and believes, and on that basis avers, that Defendant knew that the foregoing statements were false and misleading. Nevertheless, Defendant published them with the deliberate intent to harm Manwin.

Specifically, Defendant's intent in posting these defamatory statements was to cause those seeking information about Manwin via search engines to instead retrieve the defamatory material, along with links to Defendant's "manwinsucks.com" domain name. By doing so, Defendant hoped to drive up the value of his website and then sell that website to Manwin at a profit.

19. Third, Defendant engaged in a variety of activities that were designed to interfere with Manwin's business relationships and other activities. For example:

(a) On or about October 18, 2011, Defendant, again using the "Gill Manwinder" name, filed a fraudulent "letter of protest," in connection with Manwin's trademark application pending before the United States Patent and Trademark Office ("USPTO"). In this "letter of protest," Defendant claimed that Manwin's trademark registration would harm his purported "family name" and "family started company." Additionally, Defendant's letter advised the USPTO to evaluate Manwin's "actions as depicted on website [sic] such as ManwinSucks.com. This site shows their [sic] is someone or a group who opposes their company so much they created an entire website."

(b) On or about August 18, 2011, a user going by the alias "Radishdreams" began posting on a variety of popular websites frequented by those working in the adult industry that Manwin was attempting to strongarm "Yi Weng" (the purported owner) into relinquishing her domain name. Manwin is informed, believes, and on that basis avers that "Radishdreams" is Defendant.

(c) In or about the end of 2011, after learning that Manwin was engaged in litigation against ICM (the entity that controls the registry for the .xxx top-level domain), Defendant exhorted members of the public to register infringing Manwin-related domain names and then re-direct those domains to ICM.

(d) On or about August 22, 2011, using the fake name "Jim Jagen" Defendant contacted Manwin's business partners at Playboy and accused Manwin

of using "stolen property" and not "car[ing] much for the law or about how things should be done."

(e)   On or about October 23, 2011, using the anonymous e-mail address contact@manwinsucks.com, Defendant threatened to obtain and publish Manwin's confidential and proprietary documents and financial information.

20.   In January 2012, after an extensive investigation, Manwin discovered that "Gill Manwinder," "Yi Weng," "Chris Hill," "contact@Manwinsucks.com," and "Jim Jagen" were all aliases of Defendant. Upon information and belief, "Radishdreams" also is Defendant. Manwin's investigation revealed that Defendant was engaged in an elaborate scam to force Manwin to purchase the Manwin Domains. Accordingly, on or about January 12, 2012, Manwin served Defendant with a formal demand to cease his activity and immediately transfer the Manwin Domains. Defendant acknowledged his activities, claimed that he had purchased the names in order to "secure" them for Manwin, and agreed to transfer the Manwin Domains. However, a few days later, Defendant reneged on his agreement and claimed that his "associates" would not transfer the domain names. And, on January 31, 2012, "Gill Manwinder" contacted Manwin, demanding that Manwin pay him $4,300 to transfer the domain name www.manwin.net.

## FIRST CLAIM FOR RELIEF

[Violation of the Anti-Cybersquatting Act – 15 U.S.C. § 1125(d)]

21.   Manwin realleges each and every allegation set forth in Paragraphs 1 through 20, inclusive, and incorporates them by reference herein.

22.   Manwin owns all rights in and to the Manwin Marks. The Manwin Marks are distinctive and famous.

23.   Defendant has registered, trafficked in, and/or used the infringing Manwin Domains, which are identical or confusingly similar to the Manwin

Marks. Indeed, the infringing Manwin Domains each incorporate the Manwin Marks.

24. Defendant's use of the infringing Manwin Domains has at all times been an intentional and willful attempt to profit, in bad faith, from the Manwin Marks. Among other things, (a) Defendant has no trademark or other intellectual property rights in the Manwin Marks or the infringing Manwin Domains; (b) Defendant is not making any *bona fide* noncommerical or fair use of the Manwin Marks; (c) Defendant intends to divert traffic from the official Manwin websites, or otherwise attract users looking for information concerning Manwin; (d) the Manwin Marks are well-known marks, associated throughout the world with Manwin and its websites and adult entertainment services; (e) Defendant at all times knew that he does not possess any trademark, other intellectual property rights, or any other rights whatsoever in the Manwin Marks, and registered the infringing Manwin Domains with (and despite) that knowledge.

25. As a direct and proximate result of Defendant's conduct, Manwin is entitled to damages and to Defendant's profits in amounts to be proven at trial, which are not currently ascertainable. Alternatively, Manwin is entitled to maximum statutory damages of $100,000 pursuant to 15 U.S.C. § 1117(d).

26. Manwin further is entitled to its attorneys' fees and costs pursuant to 15 U.S.C. § 1117(a).

27. As a result of Defendant's acts and conduct, Manwin has sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law. Manwin is informed and believes, and on that basis avers, that, unless enjoined and restrained by this Court, Defendant will continue to infringe Manwin's valuable trademarks. Manwin is entitled to temporary, preliminary, and permanent injunctive relief to restrain and enjoin Defendant's continuing infringing conduct.

## SECOND CLAIM FOR RELIEF

[Defamation]

28. Manwin realleges each and every allegation set forth in Paragraphs 1 through 27, inclusive, and incorporates them by reference herein.

29. Each of the statements made by Defendant and quoted in paragraph 19 above is false. These statements have created false and defamatory impressions and, therefore, have damaged Manwin's reputation and caused economic harm.

30. Defendant had knowledge of the statements' falsity or acted with malice and/or reckless disregard for their falsity when they were made.

31. The defamatory statements were published on websites available worldwide, including in this judicial district.

32. By reason of the false and defamatory statements published by Defendant, Manwin has been injured in its good name, reputation and business, portrayed in a false light and has been brought into disgrace and disrepute.

33. As a direct and proximate result of Defendant's above-described defamatory publications, Manwin has sustained damages in an amount to be determined at trial.

34. Defendant's above-described publications were done with fraud and malice and were intended to cause injury to Manwin. Manwin is, therefore, entitled to an award of punitive damages.

35. Defendant's acts have caused, and will continue to cause, irreparable injury to Manwin. Manwin has no adequate remedy at law and thus is damaged in an amount not yet determined.

## THIRD CLAIM FOR RELIEF

[Intentional Interference with Prospective Advantage]

36. Manwin realleges each and every allegation set forth in Paragraphs 1 through 35, inclusive, and incorporates them by reference herein.

Mitchell Silberberg & Knupp LLP

4526823.3/43277-00096

37. As alleged herein, Manwin has enjoyed existing business and economic relations Playboy, whereby Manwin manages worldwide online content under the "Playboy" trademark and runs Playboy TV, under license from Playboy Enterprises, Inc.

38. Defendant knew of the relationship between Manwin and Playboy, and intended to disrupt that relationship.

39. Defendant engaged in wrongful conduct by e-mailing Playboy using the alias "Jim Jagen" and falsely accused Manwin of using "stolen property," and not "car[ing] much for the law or about how things should be done."

40. Defendant's intentionally wrongful actions disrupted Manwin's relationship with Playboy, and Manwin suffered harm to its reputation, in an amount to be determined at trial.

## FOURTH CLAIM FOR RELIEF

[Unfair Competition – Cal. Bus. & Prof. Code § 17200 and Common Law]

41. Manwin realleges each and every allegation set forth in Paragraphs 1 through 40, inclusive, and incorporates them by reference herein.

42. The Manwin Marks are wholly associated with Manwin due to Manwin's extensive use and promotion in connection with its website and adult entertainment services. Therefore, and as such, Manwin is deserving of having its marks adequately protected with respect to the conduct of its business.

43. Based on the acts described herein, Defendant has engaged in wrongful, unfair and unlawful business practices, including in violation of California Business and Professions Code Section 17200 and California common law.

44. As a result of Defendant's aforesaid conduct, Manwin has suffered substantial damage and irreparable harm constituting an injury for which Manwin has no adequate remedy at law. Unless this Court enjoins Defendant's conduct,

Mitchell Silberberg & Knupp LLP

11

4526823.3/43277-00096

Manwin will continue to suffer irreparable harm. Manwin also has suffered loss of profits and other damages as a result of Defendant's aforesaid conduct. On the statutory unfair competition claim, Manwin seeks only disgorgement of profits and does not seek damages at law.

## PRAYER FOR RELIEF

WHEREFORE, Manwin respectfully requests judgment against Defendant as follows:

1. Preliminarily and permanently enjoining Defendant, his agents, representatives, employees, assigns and suppliers, and all persons acting in concert or privity with them, from using the Manwin Marks, or the infringing Manwin Domains, or any other name or mark or domain name that is likely to cause confusion, to cause mistake, or to deceive with respect to Manwin's trademarks or service marks, or from competing unfairly with Manwin;

2. Preliminarily and permanently enjoining Defendant, his agents, representatives, employees, assigns and suppliers, and all persons acting in concert or privity with them, from registering any domain name containing any of Manwin's trademarks or service marks, including but not limited to the Manwin Marks; from making any use of Manwin's trademarks or service marks that is likely to cause confusion, to cause mistake, or to deceive; and from using any of Manwin's trademarks or service marks to compete unfairly with Manwin.

3. Directing Defendant to transfer to Manwin the domain name registrations for www.manwin.net, www.manwin.co, www.manwinsucks.com, and www.brazzer.us;

4. Awarding Manwin statutory damages under 15 U.S.C. § 1117(d);

5. Awarding Manwin its damages and Defendant's profits derived by reason of the unlawful acts complained of herein as provided by law;

6. Awarding Manwin its reasonable attorneys' fees, prejudgment interest, and costs of suit as provided by law;

7. Such other relief as the Court may deem just and proper.

DATED: March 22, 2012

MARC E. MAYER
EMILY F. EVITT
MITCHELL SILBERBERG & KNUPP LLP

By: /s/ Marc E. Mayer
Marc E. Mayer
Attorneys for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues triable of right by jury.

DATED: March 22, 2012

MARC E. MAYER
EMILY F. EVITT
MITCHELL SILBERBERG & KNUPP LLP

By: _____
Marc E. Mayer
Attorneys for Plaintiff

14

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge George H. Wu and the assigned discovery Magistrate Judge is Stephen J. Hillman.

The case number on all documents filed with the Court should read as follows:

```
CV12- 2484 GW (SHx)
```

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] Western Division | [ ] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)    NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

MARC E. MAYER (SBN 190969) mem@msk.com
MITCHELL SILBERBERG & KNUPP LLP
11377 W. Olympic Boulevard
Los Angeles, California 90064
Telephone: (310) 312-2000
Facsimile: (310) 312-3100

ORIGINAL

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANWIN LICENSING INTERNATIONAL SARL, a Luxembourg Limited Liability Company<br><br>PLAINTIFF(S)<br>v.<br><br>NICHOLAS BULGIN, a/k/a "Gill Manwinder," "Yi Weng," "Chris Hill," "contact@Manwinsucks.com," "Jim Jagen," and "Radish Dreams", an individual,<br><br>DEFENDANT(S). | CASE NUMBER<br><br>CV12- 02484 GW (SHx)<br><br>SUMMONS |

TO DEFENDANT(S): NICHOLAS BULGIN, a/k/a "Gill Manwinder," "Yi Weng," "Chris Hill," "contact@Manwinsucks.com," "Jim Jagen," and "Radish Dreams", an individual,

   A lawsuit has been filed against you.

   Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☒ complaint ☐ ____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, Marc E. Mayer, whose address is Mitchell Silberberg & Knupp LLP, 11377 W. Olympic Boulevard, Los Angeles, California 90064. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Dated: MAR 2 2 2012

Clerk, U.S. District Court

By: _____
Deputy Clerk

(Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

MARC E. MAYER (SBN 190969) mem@msk.com
MITCHELL SILBERBERG & KNUPP LLP
11377 W. Olympic Boulevard
Los Angeles, California 90064
Telephone: (310) 312-2000
Facsimile: (310) 312-3100

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANWIN LICENSING INTERNATIONAL SARL, a Luxembourg Limited Liability Company<br><br>PLAINTIFF(S)<br>v.<br>NICHOLAS BULGIN, a/k/a "Gill Manwinder," "Yi Weng," "Chris Hill," "contact@Manwinsucks.com," "Jim Jagen," and "Radish Dreams", an individual,<br><br>DEFENDANT(S). | CASE NUMBER<br><br>**CV12-02484 GW (SHx)**<br><br>SUMMONS |

TO DEFENDANT(S): NICHOLAS BULGIN, a/k/a "Gill Manwinder," "Yi Weng," "Chris Hill," "contact@Manwinsucks.com," "Jim Jagen," and "Radish Dreams", an individual,

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☒ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, <u>Marc E. Mayer</u>, whose address is <u>Mitchell Silberberg & Knupp LLP, 11377 W. Olympic Boulevard, Los Angeles, California 90064</u>. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Dated:  MAR 22 2012

Clerk, U.S. District Court

By: **JULIE PRADO**
    Deputy Clerk

(Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

---

CV-01A (10/11)  SUMMONS  American LegalNet, Inc.
www.FormsWorkFlow.com

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
MANWIN LICENSING INTERNATIONAL SARL, a Luxembourg Limited Liability Company

**DEFENDANTS**
NICHOLAS BULGIN, a/k/a "Gill Manwinder," "Yi Weng," "Chris Hill," "contact@Manwinsucks.com," "Jim Jagen," and "Radish Dreams", an individual

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
MARC E. MAYER (SBN 190969) mem@msk.com
MITCHELL SILBERBERG & KNUPP LLP
11377 West Olympic Boulevard
Los Angeles, CA 90064-1683 Telephone: (310) 312-2000

**Attorneys (If Known)**

**II. BASIS OF JURISDICTION** (Place an X in one box only.)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify):
- ☐ 6 Multi-District Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No ☒ **MONEY DEMANDED IN COMPLAINT: $** actual/statutory damages

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Trademark infringement (cybersquatting under 15 U.S.C. § 1125(d)), defamation, unfair competition

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | | | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 22 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☐ 355 Motor Vehicle Product Liability | | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | CIVIL RIGHTS | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | | ☐ 441 Voting | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☒ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Accommodations | | ☐ 61 HIA(1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities – Employment | ☐ 640 R.R.& Truck | ☐ 863 DIWC/DIWW 405(g) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | | | ☐ 650 Airline Regs | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | | ☐ 446 American with Disabilities – Other | ☐ 660 Occupational Safety /Health | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | IMMIGRATION | | ☐ 690 Other | FEDERAL TAX SUITS |
| | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 245 Tort Product Liability | ☐ 463 Habeas Corpus- Alien Detainee | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | ☐ 465 Other Immigration | | | |

**FOR OFFICE USE ONLY:** Case Number: **CV12-02484**

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)
177-00096

CIVIL COVER SHEET

Page 1 of 2

American LegalNet, Inc.

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No ☐ Yes
If yes, list case number(s):

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒ No ☐ Yes
If yes, list case number(s):

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply) ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
|  | Luxemburg – Manwin Licensing International SARL |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
|  | Georgia – Nicholas Bulgin |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County |  |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** Marc E. Mayer, Esq. **Date** 3-22-2012

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |