MARC E. MAYER (SBN 190969)
mem@msk.com
EMILY F. EVITT (SBN 261491)
efe@msk.com
MITCHELL SILBERBERG & KNUPP LLP
11377 West Olympic Boulevard
Los Angeles, California 90064-1683
Telephone: (310) 312-2000
Facsimile: (310) 312-3100

Attorneys for Plaintiff Manwin Licensing
International S.à.r.l.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANWIN LICENSING INTERNATIONAL SARL, a Luxembourg Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>NICHOLAS BULGIN, a/k/a "Gill Manwinder," "Yi Weng," "Chris Hill," "contact@Manwinsucks.com," "Jim Jagen," and "Radishdreams," an individual,<br><br>Defendant. | CASE NO. CV12-02484 GW (SHx)<br><br>**NOTICE OF *EX PARTE* APPLICATION AND *EX PARTE* APPLICATION OF MANWIN LICENSING INTERNATIONAL SARL FOR LEAVE TO SERVE ADDITIONAL LIMITED THIRD-PARTY DISCOVERY**<br><br>[DECLARATION OF EMILY F. EVITT, [PROPOSED] *EX PARTE* ORDER FILED CONCURRENTLY HEREWITH] |

Mitchell Silberberg & Knupp LLP
4693499.4/43277-00096.1

NOTICE OF EX PARTE APPLICATION AND EX PARTE APPLICATION OF MANWIN LICENSING INTERNATIONAL SARL FOR LEAVE TO SERVE ADDITIONAL LIMITED THIRD-PARTY DISCOVERY

# NOTICE OF *EX PARTE* APPLICATION

PLEASE TAKE NOTICE that Manwin Licensing International S.à.r.l. ("Manwin") hereby applies *ex parte* pursuant to Federal Rule of Civil Procedure 26(d) and Local Rule 7-19 for leave to serve additional limited discovery on the following third parties, specifically:

- Google, Inc.
- Phonebooth, a division of Bandwith.com, Inc.
- Hush Communications, Ltd., d/b/a Hushmail
- Formless Networking, LLC

This is an action for cybersquatting, defamation, intentional interference with prospective advantage, and unfair competition arising from the registration and use of four Internet domain names that appropriate Plaintiff's valuable MANWIN trademark and BRAZZERS trademark: www.manwin.net, www.manwin.co, www.manwinsucks.com, www.brazzer.us (the "Infringing Domain Names").

On April 23, 2012, the Court granted Manwin leave to take expedited discovery to determine the identities of the owners and operators of the Infringing Domain Names, and Manwin subpoenaed GoDaddy.com, LLC; Domains By Proxy, LLC; and Charter Communications, Inc. After the first round of subpoenas, Manwin learned that an individual using the handle @ManwinSucks was making defamatory postings on Twitter and on a Blogspot page located at http://manwinsucks.blogspot.com and http://manwinexposed.blogspot.com. On May 21, 2012, Manwin filed an *ex parte* application to serve additional subpoenas on Twitter and Blogspot, which the Court granted the same day. Manwin proceeded to serve subpoenas on Twitter and Blogspot.

Manwin's investigation into the individuals operating the Infringing Domain Names, Twitter account, and Blogspot page is ongoing. Manwin has learned that the Blogspot page was posted to via the Internet Service Provider ("ISP") Formless

Networking, LLC. Additionally, based on its findings, Manwin believes that one or more of the same individuals created an e-mail account "GillSevenz@gmail.com" using Gmail, as well as a telephone number, (424) 256-5814, using the service "Phonebooth," and then used both to contact Manwin and to engage in business dealings with Defendant James Martin concerning the Infringing Domain Names. Manwin believes that "Gill Stevens" is one of the Doe defendants and has participated in the conduct at issue. However, Manwin's investigation suggests that no such person named "Gill Stevens" exists, and that this is an invented name used to deceive and mislead Manwin. Additionally, in June and July 2012, Defendants sent two anonymous, threatening e-mails to Manwin using the third-party service "Hushmail."

  This Application is based upon this *Ex Parte* Application, the attached Memorandum of Points and Authorities, the attached supporting Declaration of Emily F. Evitt, the Complaint in this action, and such other and further oral or documentary evidence and legal memoranda as may be presented at or before any hearing on this Application.

  Manwin provided notice of this *Ex Parte* Application to Defendant Nicholas Bulgin pursuant to Local Rule 7-19.1 on July 11, 2012 by mailing a copy, via overnight mail, to Mr. Bulgin's home address.

DATED: July 12, 2012

MARC E. MAYER
EMILY F. EVITT
MITCHELL SILBERBERG & KNUPP LLP

By: /s/ Marc E. Mayer
  Attorneys for Plaintiff
  Manwin Licensing International S.à.r.l.

Mitchell Silberberg & Knupp LLP

4693499.4/43277-00096

2

NOTICE OF EX PARTE APPLICATION AND EX PARTE APPLICATION OF MANWIN LICENSING INTERNATIONAL SARL FOR LEAVE TO SERVE ADDITIONAL LIMITED THIRD-PARTY DISCOVERY

## *EX PARTE* APPLICATION

By this *Ex Parte* Application, Manwin Licensing International S.à.r.l. ("Manwin") seeks leave to serve additional limited discovery on four third parties that it believes have information concerning the identities of the Doe Defendants, specifically: (1) **Google, Inc.**, (2) **Phonebooth**, a division of Bandwith.com, Inc., (3) **Hush Communications, Ltd.**, d/b/a "Hushmail," and (4) **Formless Networking, LLC**. This is Manwin's third request for limited third-party discovery in this action, and is justified by Manwin's continuing investigation. This investigation has revealed that the entities listed above (Google, Phonebooth, Hushmail, and Formless Networking) possess relevant information concerning the Doe Defendants.

The background facts are set forth in detail in Manwin's initial request for discovery, but are summarized (and updated) briefly here. Manwin owns and licenses the trademarks and domain names used for many of the most popular adult-oriented websites. This is an action for cybersquatting, defamation, intentional interference with prospective advantage, and unfair competition arising from the registration and use of four Internet domain names that appropriate Plaintiff's valuable MANWIN trademark and BRAZZERS trademark: www.manwin.net, www.manwin.co, www.manwinsucks.com, www.brazzer.us (the "Infringing Domain Names"). Defendant Nicholas Bulgin used the Infringing Domain Names to disseminate false and defamatory material about Manwin and launch public campaigns to harm Manwin's business interests. On April 23, 2012, the Court granted Manwin's *ex parte* application to take expedited discovery to determine the identities of the owners of the Infringing Domain Names and the history of transfers of the Infringing Domain Names between and among Bulgin and the Doe Defendants.

Mitchell Silberberg & Knupp LLP

4693499.4/43277-00096

1

NOTICE OF EX PARTE APPLICATION AND EX PARTE APPLICATION OF MANWIN LICENSING INTERNATIONAL SARL FOR LEAVE TO SERVE ADDITIONAL LIMITED THIRD-PARTY DISCOVERY

The conduct at issue has escalated since this lawsuit was filed. Additionally, the participants in the conduct have engaged in a set of increasingly complex and bizarre transactions that apparently are designed to confuse and mislead Manwin. Specifically, since this lawsuit was filed, the Infringing Domain Names were transferred between and among a variety of accounts, including an account belonging to a "James Martin." Manwin amended its complaint to add Martin as a defendant. Defendants also created new accounts on the web services Blogspot and Twitter, and began posting increasingly outrageous defamatory statements concerning Manwin and its owner (Fabian Thylmann). Manwin therefore filed a second *ex parte* application on May 21, 2012, which was granted the same day, and subpoenaed Twitter and Blogspot for the identities of the owners and operators of the Blogspot and Twitter accounts. From these subpoena results, Manwin has determined that the Blogspot page was posted to via the Internet Service Provider ("ISP") Formless Networking, LLC. After the subpoenas were issued, the owners of the Blogspot and Twitter accounts threatened to engage in cyberattacks on Manwin and falsely accused Manwin's owner of engaging in a variety of criminal acts. See http://manwinexposed.blogspot.com/2012/07/confessions-from-manwin.html.

In June and July 2012, Defendants also sent two anonymous e-mails to Manwin using the third-party service "Hushmail" (the "Hushmail Account"). The most recent of these e-mails (dated July 5, 2012) stated as follows:

> I will keep this short. Tomorrow while your sites are active, were going to find every flaw to your security. We come together as one to take down the giant. We will study your sites and how they respond to our small attempts then hit you with the big guns later. Why am I telling you this? The challenge is greatest prize in my clan. We want to see how you respond to this threat. We warned you nicely before and you were too prideful.

> People think your smart but that's just it. To smart people, a genius is the nerd. You should have expected us.
> P.s- Dont report this email as spam because if you want future warnings and challenges, i will need this email address to contact you. Until then!

See Evitt Declaration, Ex. 3.

Additionally, Manwin recently learned that one of the Defendants created an e-mail account "GillSevenz@gmail.com" using Gmail, that one or more of the Defendants may have created other pseudonymous Gmail accounts (collectively the "Gmail Accounts"), and that one of the Defendants created a telephone number, (424) 256-5814, using the service "Phonebooth" (the "Phonebooth Number").[1] This individual, using the alias "Gill Stevens," then contacted Martin and discussed the Infringing Domain Names with him. Among other things, "Mr. Stevens" advised Martin that he intended to extort a cash payment from Manwin for the Infringing Domain Names and would fight to ensure that Manwin never obtained control of the Infringing Domain Names. See Evitt Declaration, Ex. 1 ("Man win only wants the domains. Nicholas [Bulgin] contacted me a while back asking for them. I won't give away my domains even if its to save someone from a lawsuit"); ("I was tasked to acquire the domain in ur possession now and then protect them at all costs.").

As this Court has recognized in granting Manwin's earlier applications, district courts have broad discretion in scheduling discovery, and may authorize expedited discovery for "good cause." Hallet v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002); Semitool, Inc. v. Tokyo Electron Am., Inc., 208 F.R.D. 273, 276 (N.D. Cal. 2002). Good cause exists here. The proposed additional discovery would be

---

[1] Phonebooth is a web-based phone service that allows its users to buy a telephone number in nearly any area code in the country. Phonebooth also enables its users to route calls to any device (fixed or mobile phone).

3

NOTICE OF EX PARTE APPLICATION AND EX PARTE APPLICATION OF MANWIN LICENSING INTERNATIONAL SARL FOR LEAVE TO SERVE ADDITIONAL LIMITED THIRD-PARTY DISCOVERY

1  limited to determining the identities of the person who posted to and accessed the
2  Blogspot page via Formless Networking and the persons who registered and
3  administered the Hushmail Account, the Gmail Accounts and the Phonebooth
4  Number. Expedited discovery is necessary because Defendants are continuing to
5  engage in unlawful and highly damaging conduct. It is critical that Manwin
6  identify these individuals and their role in this scheme to stop the damage to its
7  business and reputation. Additionally, it is critical that discovery take place before
8  the records or server logs retained by the third parties are lost or deleted.

9        Expedited discovery will not prejudice any responding party. Manwin's
10 discovery will be narrowly tailored to learn the identities of the owners and
11 operators of the Hushmail Account, Gmail Accounts, and Phonebooth Number.
12 See Capitol Records, Inc. v. Doe, No. 07-cv-1570-JM (POR), 2007 WL 2429830,
13 at *1 (S.D. Cal. Aug. 24, 2007) (motion for immediate discovery granted because
14 of narrow tailoring of requests, allegations of intellectual property infringement,
15 danger of lost evidence, and need for the discovery to move the case forward). The
16 subpoenaed companies will be asked for information that they would have
17 eventually provided in the normal course of discovery, so they take on no extra
18 burden by responding to expedited discovery. Moreover, the subpoenaed
19 companies will be able to notify the users in question about Manwin's subpoena,
20 and those users will have the opportunity to raise objections by filing a motion to
21 quash in this Court before the return date of the subpoena. Thus, Defendants will
22 not be prejudiced if this Application is granted.
23 //
24 //
25 //
26 //
27 //
28

Mitchell Silberberg & Knupp LLP

4693499.4/43277-00096

4

NOTICE OF EX PARTE APPLICATION AND EX PARTE APPLICATION OF MANWIN LICENSING INTERNATIONAL SARL FOR LEAVE TO SERVE ADDITIONAL LIMITED THIRD-PARTY DISCOVERY

1  //

2        For the above reasons, Manwin requests that this Court grant it leave to
3  serve limited discovery on the following third parties: (1) Google, Inc.; (2)
4  Phonebooth, a division of Bandwith.com, Inc.; (3) Hush Communications, Ltd.; (4)
5  Formless Networking, LLC.

6  DATED: July 12, 2012           MARC E. MAYER
                                  EMILY F. EVITT
7                                    MITCHELL SILBERBERG & KNUPP LLP

9                                    By: /s/ Marc E. Mayer
10                                     Attorneys for Plaintiff